IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DUANE HAYES, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: |
| v. | § § | _____ |
| BIG COOKS SIDING & TRIM, LLC | § § | JURY DEMAND |
| Defendant. | § § § | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff invokes jurisdiction under the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. §2000e. The Court has jurisdiction of the subject of this action according to 28 U.S.C. §§1331, 1343(a) (4), 2201 & 2202. This suit also asserts state law claims of outrage and negligent retention under Alabama law.

2. The Plaintiff timely filed his charge of sex discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment. The Plaintiff further filed his sex discrimination and retaliation suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

### II. PARTIES

3. Plaintiff, Duane Hayes, is a male citizen of the United States and a

1

resident of the State of Florida. He was an employee of the defendant at its Youngstown, Florida, location at all times relevant to this lawsuit.

4. Defendant Big Cooks Siding and Trim, LLC, hereafter "Big Cooks," is subject to suit under 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### III. STATEMENT OF FACTS

5. Plaintiff adopts and re-alleges Paragraphs 1-4 above as if fully set forth in full herein.

6. Plaintiff is a heterosexual male.

7. The Defendant employed Plaintiff from August 2019 until March 2020, when he was terminated because of his complaints of sexual harassment and/or his refusal to accept sexual advances made towards him.

8. Howard Cook ("Cook"), the Defendant's Manager, hired many homosexual males.

9. A homosexual male co-worker of Plaintiff often made sexually charged statements towards Plaintiff.

10. Plaintiff informed said co-worker his behavior was unwelcome, and asked him to stop behaving in this manner.

11. Plaintiff complained to Cook, but Cook told Plaintiff to "*deal with shit [him]self.*"

12. In late December of 2019, the same male co-worker began bringing himself very close to Plaintiff, often touching Plaintiff.

13. Plaintiff asked said co-worker to remove himself from Plaintiff's immediate vicinity, but Plaintiff's request was not considered.

14. Plaintiff again complained to Cook, but Cook took no action to remedy the situation.

15. Cook witnessed one instance and instantly fired Plaintiff and the offending individual.

16. Cook rehired Plaintiff shortly after, apologized for terminating his employment, and promised Plaintiff he would keep such sexual harassment from taking place.

17. On or around March 13, 2020, a recently hired homosexual employee began sexually harassing Plaintiff in the presence of approximately three other co-workers.

18. The witnessing co-workers asked the recently hired individual to refrain from sexually harassing Plaintiff. The behavior continued.

19. Plaintiff again complained to Cook, but Cook only stated, "*This is the second time I've had to deal with this shit with you.*"

20. Cook then terminated Plaintiff and when Plaintiff was walking away, he overheard Cook say, "*You see him walking away? I just fired Duane,*" in an effort

to dissuade his employees from complaining about unlawful sex discrimination.

### IV. <u>SEX DISCRIMINATION (DISPARATE TREATMENT)</u>

21. Plaintiff adopts and re-alleges Paragraphs 1-4 above as if fully set forth herein.

22. Plaintiff was discriminated against and harassed because of his sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

23. Based on his gender, the Plaintiff experienced disparate terms and conditions of employment compared to homosexual male employees, and this disparate treatment resulted in his termination. *See* Statement of Facts (hereafter "SOF") at ¶¶ 7 and 9-20.

### V. <u>SEX DISCRIMINATION (RETALIATION)</u>

24. During Plaintiff's employment with Defendant, he was subjected to sexual harassment by another employee. *see* SOF at ¶¶ 9,11, 14, and 16.

25. The Plaintiff continually declined the new hires advances and complained to management about the same. *see* SOF at ¶¶ 9-14 and 18-20.

26. Plaintiff was terminated on two separate occassions shortly after refusing's advances and complaining about his said harassment. *see* SOF at ¶¶ 11, 14, and 20.

27. The proximity of Plaintiff's complaints to his termination show the

causal connection between the events.

28. Due to Defendant's retaliation, Plaintiff suffered lost wages, emotional distress, embarrassment, and humiliation.

## VI. SEX DISCRIMINATION (SEXUAL HARASSMENT)

29. Plaintiff adopts and re-alleges Paragraphs 1-4 as if fully set forth herein.

30. The Plaintiff was discriminated against and harassed because of his sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Due to his sex, the Plaintiff experienced harassment, and this harassment created a sexually hostile work environment.

31. The harassment was unwelcomed, was severe, and or pervasive, and it affected the terms and conditions of the Plaintiff's employment.

32. The Plaintiff complained of sexual harassment. see supra SOF at ¶¶ 7, 10, 13, and 18.

33. Because of the sexual harassment, the plaintiff's complaint of harassment, and defendant's failure to appropriately handle the complaint of sexual harassment, he was further harassed. see supra SOF at ¶¶ 9, 11-12, and 17.

34. Defendant failed to take prompt remedial action to stop or remedy the harassment. see supra SOF at ¶ 16.

35. Because of Defendant's conduct, the plaintiff suffered severe emotional

distress, embarrassment, and humiliation.

36. Defendant acted with malice, and or reckless indifference toward the Plaintiff. see supra SOF at ¶¶ 14-15 and 18-20.

### VII. NEGLIGENT/WANTON RETENTION

37. Defendant acted with malice, and or reckless indifference toward the Plaintiff.

38. Plaintiff adopts and re-alleges Paragraphs 1-4 and 21-36 above as if fully set forth herein.

39. By its action or inaction, Defendant ratified, and or condoned the sexual harassment of Plaintiff.

40. The Defendant knew of the sexually discriminatory conduct, or should have known that such conduct constituted sexual harassment, and failed to take adequate steps to remedy the situation.

41. The Defendant's failure to adequately remedy the situation caused the Plaintiff to suffer severe emotional distress, embarrassment, and humiliation.

### VIII. OUTRAGE

42. Plaintiff adopts and re-alleges Paragraphs 1-4 and 6-20 above as if outlined in full herein.

43. The Defendant and its managers outrageously and intentionally inflicted emotional distress upon the Plaintiff by knowingly allowing him to

experience sexual harassment and retaliation.

44. Defendant outrageously and intentionally inflicted emotional distress upon the Plaintiff by ratifying the unlawful and sexually discriminatory behavior of its employees.

45. Defendant ratified the conduct the new hires where it knew about their conduct, knew or should have known such conduct constituted sexual harassment and was outrageous, and failed to take adequate steps to remedy the situation.

46. Management's response or lack thereof to the Plaintiff's complaints, also outrageously and intentionally inflicted emotional distress upon the Plaintiff.

47. Defendant acted with malice, and or reckless indifference toward the Plaintiff.

48. Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment, and humiliation.

## IX. <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a. Issue a declaratory judgment that the policies, practices, procedures, conditions, and customs of the defendant violate the rights of the Plaintiff as secured by 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the pendent state law claims in this action.

  b. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

  c. Enter an order requiring the Defendant to make the Plaintiff whole by awarding his reinstatement, back-pay (plus interest), front-pay, compensatory damages, punitive damages, and or nominal damages.

  d. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of attorneys' fees, costs, and expenses.

Dated: August 16, 2021

                Respectfully submitted,

                /s/ Eric Sheffer
                **ERIC C. SHEFFER**
                Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500

E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric Sheffer
**ERIC C. SHEFFER**